```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION



CHARLES R. LOCKWOOD            ]
     Plaintiff,                 ]
                                ]
v.                              ]     No. 3:12-0496
                                ]     Judge Campbell
REGIONS BANK, et al.            ]
     Defendants.                ]
```

**O R D E R**

The Court has before it a *pro se* civil complaint (Docket Entry No.1) and an application to proceed in forma pauperis (Docket Entry No.2).

The plaintiff is a resident of Dover, Tennessee. It appears from his application that he lacks sufficient financial resources from which to pay for the filing of the complaint. Therefore, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

Because the plaintiff is being allowed to proceed as a pauper, the Court is now obliged to review the complaint to ascertain whether its claim should go forward. 28 U.S.C. § 1915(e)(2).

The plaintiff's claim reads in its entirety :

> While incarcerated in the Henry County Jail for a 3rd offense – DUI, my bank account was cleaned out of 20,000.00 even though assistant branch Manager Gail Wilson noticed a suspicious signature on all stolen and forged checks. I reported the theft as soon as I was released

> from Jail (9-28-10 to 1-24-11). I reported the theft on 1-25-11 on a timely manner, the day after my release from jail. But they refuse to reimburse even though they are a FDIC bank.

Docket Entry No.1 at pg.2.

Federal district courts are courts of limited jurisdiction. Rowan & Son v. Department of Housing and Urban Development, 611 F.2d 997, 998 (5th Cir. 1980). They are empowered to adjudicate only those claims involving parties with diversity of citizenship, 28 U.S.C. § 1332, and those claims arising from a federal question. 28 U.S.C. § 1331.

In this instance, the plaintiff has not alleged a statutory basis for his claim suggesting a federal question. Nor has the plaintiff alleged a violation of federal law. In fact, the plaintiff never mentions the defendants by name in his statement of claim. Thus, the plaintiff has not alleged facts sufficient to invoke federal question jurisdiction.

For diversity jurisdiction to attach, there must be complete diversity of citizenship between the parties, i.e., the plaintiff's citizenship must be diverse from the citizenship of each of the defendants. Catepillar, Inc. v. Lewis, 117 S.Ct. 467, 472 (1996). In addition, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The plaintiff indicates that the defendants reside in Birmingham, Alabama. Therefore, it would seem that there is diversity of citizenship between the parties. However, the plaintiff seeks only the "reimbursement of all stolen funds."

According to the complaint, the stolen funds total $20,000, an amount far below the amount in controversy needed to sustain diversity of citizenship jurisdiction. As a consequence, it appears that the Court has no diversity jurisdiction to adjudicate the plaintiff's claim.

A district court is obliged to consider matters of jurisdiction, *sua sponte* if necessary. <u>Hadley v. Werner</u>, 753 F.2d 514, 516 (6th Cir.1985). Here, the plaintiff has failed to show that his claim falls within the scope of this Court's jurisdiction. Accordingly, this action is hereby DISMISSED for lack of subject matter jurisdiction.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

_____
Todd Campbell
United States District Judge